IN THE SUPERIOR COURT OF THE STATE OF OREGON
IN AND FOR THE COUNTY OF BAKER

| | |
|---|---|
| LUANE CLYMO,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>AMERICAN STATES INSURANCE COMPANY,<br><br>　　　　　Defendant. | Case No. 17CV55736<br><br>**SUMMONS** |

TO:   **American States Insurance Company**
　　　c/o Corporation Service Company
　　　1127 NE Broadway St. NE, Suite 310
　　　Salem, Oregon 97301

You are hereby required to appear and defend the complaint filed against you in the above entitled action within thirty (30) days from the date of service of this summons upon you, and in case of your failure to do so, for want thereof, plaintiff(s) will apply to the court for the relief demanded in the complaint.

**NOTICE TO THE DEFENDANT: READ THESE PAPERS CAREFULLY**

　　　You must "appear" in this case or the other side will win automatically. To "appear" you must file with the court a legal document called a "motion" or "answer." The "motion" or "answer" must be given to the court clerk or administrator within 30 days along with the required filing fee. It must be in proper form and have proof of service on the plaintiff's attorney or, if the plaintiff does not have an attorney, proof service upon the plaintiff.

　　　If you have any questions, you should see an attorney immediately. If you need help in finding an attorney, you may call the Oregon State Bar's Lawyer Referral Service at (503) 684-3763 or toll-free in Oregon at (800) 452-7636.

_/s/ signature_
SIGNATURE OF ATTORNEY/AUTHOR FOR PLAINTIFF

Nicholas A. Thede, OSB No. 075460
ATTORNEY'S/AUTHOR'S NAME (TYPED OR PRINTED) BAR NO. (IF ANY)

P.O. Box 13098
ADDRESS

Portland, Oregon 97213; (503) 206-5824
CITY　　　　STATE　　　ZIP　　　PHONE

_____
TRIAL ATTORNEY IF OTHER THAN ABOVE (TYPED OR PRINTED) BAR NO.

TO THE OFFICER OR OTHER PERSON SERVING THIS SUMMONS: You are hereby directed to serve a true copy of this summons, together with a true copy of the compliant mentioned therein, upon the individual(s) or other legal entity(ies) to whom or which this summons is directed, and to make your proof of service on the reverse hereof or upon a separate similar document which you shall attach hereto.

_/s/ signature_
SIGNATURE OF ATTORNEY/AUTHOR FOR PLAINTIFF

Page 1    SUMMONS

Exhibit 1
Page 1 of 9

12/26/2017 2:51 PM
17CV55736

IN THE SUPERIOR COURT OF THE STATE OF OREGON

IN AND FOR THE COUNTY OF BAKER

| | |
|---|---|
| LUANE CLYMO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>AMERICAN STATES INSURANCE COMPANY,<br><br>　　　　　Defendant. | Case No.<br><br>**COMPLAINT (Breach of Contract, Breach of the Implied Covenant of Good Faith, Negligence *Per Se*)**<br><br>PRAYER: $270,000.00<br><br>FILING FEE: $560 (ORS 21.160(1)(c))<br><br>**Not Subject to Mandatory Arbitration** |

COMES NOW plaintiff Laune Clymo, and for her claims against defendant American States Insurance Company, alleges as follows:

**PARTIES**

1. Plaintiff Luane Clymo is an individual that resides in Baker County, Oregon.

2. Defendant American States Insurance Company ("American States") is an insurance company that is licensed and authorized to issue insurance policies in Oregon. American States has sold insurance policies, including the policy at issue in this litigation, in Baker County, Oregon.

**FACTUAL ALLEGATIONS**

3. Clymo owned the residence located on approximately 40 acres at 46242 Pocahontas Road, Haines, Oregon ("the Property").

Page 1    COMPLAINT

FOREMAN STURM & THEDE, LLP
P.O. Box 13098
Portland, Oregon 97213
Telephone: 503.206.5824

Exhibit 1
Page 2 of 9

4. Clymo entered into an agreement with Wayne Blair and Mary Tim ("the Tenants") to lease the Property

5. Clymo also agreed with the Tenants that they would have an option, upon the satisfaction of certain conditions, to purchase the Property at the conclusion of the lease term.

6. The Tenants did not exercise the option to purchase the property.

7. Clymo ultimately took the necessary legal steps to have the Tenants evicted from the Property.

8. Upon regaining possession of the Property, Clymo inspected it and discovered that the Tenants damaged and vandalized the Property, including, but not limited to the following:

    a. Removing the gutters;

    b. Removing or damaging the window screens;

    c. Removing carpeting;

    d. Damaging the wood panel walls by painting over them;

    e. Removing the fireplace and improperly decommissioning the chimney, which resulted in water damage to the Property;

    f. Removing built-in, lighted cabinets;

    g. Damaging two garage doors;

    h. Damaging several doors at the Property, including the locking bolt on the front door, the living room front door, the door to the pump house, and the door to the shop;

    i. Removing the carpeting from the master bathroom;

    j. Removing and damaging sections of the fencing;

    k. Removing three bi-fold closet doors in the bedrooms, along with built-in closet shelving and railing;

    l. Damaging or removing water hydrants to the guest house and barn;

    m. Damaging the underground sprinkler lines; and

Page 2   COMPLAINT

FOREMAN STURM & THEDE, LLP
P.O. Box 13098
Portland, Oregon 97213
Telephone: 503.206.5824

Exhibit 1
Page 3 of 9

    n. Damaging the landscaping.

9. The Tenants did not have authority, through the lease agreement with Clymo or otherwise, to modify, vandalize, or damage the Property in the manner described in the preceding paragraph.

10. The cost to repair or replace the damage to the Property will be proven at the time of trial, but will not exceed $70,000.00.

11. The Tenants stole or removed from the Property, without the permission or agreement of Clymo, a lighted China cabinet and a refrigerator.

12. The Tenants damaged or vandalized Clymo's irrigation equipment, including damaging sprinkler pipes and wheels, and removing a wheel-line engine without the permission or agreement of Clymo.

13. The cost to repair or replace the damaged or stolen personal property will be proven at the time of trial, but will not exceed $30,000.

14. Clymo insured the Property through American States under policy number 01-FF-186147-5, which was effective from February 5, 2017 to February 5, 2018 ('the Policy").

15. The policy was issued for valuable consideration in the form of premiums.

16. Clymo paid all premiums as they became due and performed all obligations required under the terms of the Policy.

17. The property damage described herein occurred while the Policy was in effect.

18. Clymo submitted a timely claim to American States under the Policy, seeking insurance benefits for the damage sustained to the Property and her personal property ("the Claim").

19. The damage and vandalism to the Property, including to damage and theft of Clymo's personal property, is covered under the Policy.

20. American States denied the Claim and has failed and refused to pay Clymo for the damage to the Property or her personal property.

Page 3 COMPLAINT

FOREMAN STURM & THEDE, LLP
P.O. Box 13098
Portland, Oregon 97213
Telephone: 503.206.5824

Exhibit 1
Page 4 of 9

21. American States' denial and refusal to pay the Claim was incorrect and unreasonable.

22. As a result of American States' denial of the Claim, Clymo could not afford to repair the damage to the Property or replace the personal property.

23. Following the denial, Clymo agreed in principle to sell the Property for $465,000.

24. The buyers demanded a reduction in the sales prices following an inspection of the Property due to the property damage described herein.

25. Clymo ultimately sold the Property for $400,000.00.

26. It was foreseeable to American States that Clymo would suffer consequential damages, including the reasonable reduction of the sales price of the Property, due to its incorrect denial of the Claim and failure to pay Clymo in a timely manner.

27. As a further result of American States' incorrect and unreasonable denial of the Claim, and American States' negligent handling of the Claim, Clymo suffered injuries, including losing a substantial amount of hair, exacerbation of her arthritis, and being diagnosed with an ulcer.

28. Clymo has incurred and continues to incur expenses for her medical, rehabilitative, diagnostic, and other medical treatments, in an amount not to exceed $5,000.

29. Clymo's injuries have required multiple medical, diagnostic, rehabilitative, therapeutic, and other treatments, and caused Clymo persistent physical and mental pain and suffering, imposed physical limitations on her, which interfered with her normal and customary activities, and greatly diminished her enjoyment and quality of life, which has resulted in non-economic damage in an amount to not to exceed $100,000.00.

## CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF

### Breach of Contract

30. Clymo incorporates all the preceding paragraphs as if fully set forth herein.

Page 4   COMPLAINT

FOREMAN STURM & THEDE, LLP
P.O. Box 13098
Portland, Oregon 97213
Telephone: 503.206.5824

Exhibit 1
Page 5 of 9

31. The policy issued by American States constitutes a valid, enforceable contract.

32. American States had a contractual duty to Clymo to pay all insurance claims in accordance with the terms of the policy.

33. American States breached the terms of the policy by failing to pay the Claim.

34. As a result of the breach by American States, Clymo has suffered direct and consequential damages not to exceed $165,000.00.

35. Clymo is entitled to recover her attorney fees and costs from American States pursuant to ORS 742.061.

## SECOND CLAIM FOR RELIEF

## Breach of the Implied Covenant of Good Faith

36. Clymo incorporates all the preceding paragraphs as if fully set forth herein.

37. The implied terms of the Policy include American States' promise to act in good faith and deal fairly with Clymo in all matters related to the Policy, including the investigation, adjustment, and payment of the Claim.

38. American States violated the implied covenant of good faith and fair dealing during its evaluation and investigation of the Claim in at least the following ways:

   a. Failing to pay Clymo for damage sustained to the property without a reasonable basis;
   b. Forcing Clymo to retain counsel to file a lawsuit to receive policy benefits;
   c. Failing or refusing to fully and promptly investigate and ascertain Clymo's losses;
   d. Unreasonably delaying payment of payment of Clymo's losses; and
   e. Failing or refusing to adjust Clymo's claims in a fair and reasonable manner.

39. American States' refusal to act in good faith constitutes a breach of the Policy.

40. As a result of American States' breach of the implied covenant of good faith and fair dealing, Clymo has been damaged in an amount not to exceed $165,000.00.

Page 5    COMPLAINT

FOREMAN STURM & THEDE, LLP
P.O. Box 13098
Portland, Oregon 97213
Telephone: 503.206.5824

Exhibit 1
Page 6 of 9

41. Clymo is entitled to recover her attorney fees and costs from American States pursuant to ORS 742.061.

### THIRD CLAIM FOR RELIEF

### Negligence *Per Se*

42. Clymo incorporates all the preceding paragraphs as if fully set forth herein.

43. Oregon law required American States to comply with the Oregon Unfair Claims Settlement Practices Act, ORS 746.230 *et seq.*, which establishes as a matter of law the applicable standard of care to be followed by or against their insureds.

44. American States' claims handling and conduct in connection with Clymo's claim for coverage under the policy were negligent *per se*, and were designed to make Clymo compromise valid claims to accept less than she was due under the policy.

45. American States' conduct, as alleged above, breached the standard of care owed to Clymo in at least one of the following ways:

   a. Misrepresenting facts or policy provisions in settling claims in violation of ORS 746.230(1)(a);

   b. Failing to acknowledge and act promptly upon communications relating to claims in violation of ORS 746.230(1)(b);

   c. Refusing to adopt and implement reasonable standards for the prompt investigation of claims in violation of ORS 746.230(1)(c);

   d. Refusing to pay claims without conducting a reasonable investigation based on all available information in violation of ORS 746.230(1)(d);

   e. Failing to affirm or deny coverage of claims within a reasonable time after completed proof of loss statements have been submitted in violation of ORS 746.230(1)(e);

   f. Not attempting, in good faith, to promptly and equitably settle claims in which liability has become reasonably clear in violation of ORS 746.230(1)(f);

Page 6    COMPLAINT

FOREMAN STURM & THEDE, LLP
P.O. Box 13098
Portland, Oregon 97213
Telephone: 503.206.5824

Exhibit 1
Page 7 of 9

      g. Compelling claimants to initiate litigation to recover amounts due by offering substantially less than amounts ultimately recovered in actions brought by such claimants in violation of ORS 746.230(1)(g);

      h. Failing to promptly provide the proper explanation of the basis relied on in the insurance policy in relation to the facts or applicable law for the denial of a claim in violation of ORS 746.230(1)(m).

46. Clymo, as an insured under the policy, is and at all material times was a member of the class of persons to be protected under ORS 746.230 *et seq*.

47. As a result of American States' breach of the applicable standard or care, Clymo has been damaged in an amount not to exceed $240,000, including the failure to pay the amount necessary to repair the property damage described herein, the foreseeable consequential damage resulting from the reduction in the sales price the of the Property, and the damages resulting from her injuries.

48. The damages suffered by Clymo are the type that ORS 746.230 *et seq.* was intended to prevent.

49. It was foreseeable to American States that Clymo would suffer the additional damages as a consequence of American States' negligence.

50. Clymo is entitled to recover her attorney fees incurred in this action pursuant to ORS 742.061, as well as the attorney fees incurred in pursuing her rights under the policy prior to filing this action, because of American States' negligence.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff Luane Clymo prays for judgment as follows:

1. On the First and Second Claims for Relief that judgment be entered in her favor, and against American States, in an amount to be proven at trial, but not to exceed $135,000.00.

2. On the Third Claim for Relief, that judgment be entered in her favor, and against American States, for an amount to be proven at trial, but not to exceed 240,000.00.

Page 7    COMPLAINT

FOREMAN STURM & THEDE, LLP
P.O. Box 13098
Portland, Oregon 97213
Telephone: 503.206.5824

Exhibit 1
Page 8 of 9

1  3.  That she recover pre-judgment and post-judgment interest at the maximum legal
2  rate.
3  4.  That she recover attorney fees and costs pursuant to ORS 742.061.
4  5.  That she recover expert fees and costs.
5  6.  That she be awarded such other relief as is just and proper.
6  DATED this 26th day of December, 2017.

FOREMAN STURM & THEDE, LLP

By: /s/ Nicholas A. Thede
Nicholas A. Thede, OSB No. 075460
E-mail: nick@foremansturm.com
Kyle A. Sturm, OSB No. 080214
E-mail: kyle@foremansturm.com

Attorneys for Plaintiff Luane Clymo

Page 8   COMPLAINT

FOREMAN STURM & THEDE, LLP
P.O. Box 13098
Portland, Oregon 97213
Telephone: 503.206.5824

Exhibit 1
Page 9 of 9