# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

**LUANE CLYMO**,

        Plaintiff,

    v.

**AMERICAN STATES INSURANCE COMPANY**,

        Defendant.

Case No. 2:18-cv-0168-SU

**ORDER**

**Michael H. Simon, District Judge.**

      United States Magistrate Judge Patricia Sullivan issued Findings and Recommendation in this case on June 7, 2018. ECF 26. Judge Sullivan recommended that Defendant's motion for partial summary judgment be granted and Plaintiff's motion for certification be denied.

      Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

**LUANE CLYMO**,

        Plaintiff,

    v.

**AMERICAN STATES INSURANCE COMPANY**,

        Defendant.

Case No. 2:18-cv-0168-SU

**ORDER**

**Michael H. Simon, District Judge.**

United States Magistrate Judge Patricia Sullivan issued Findings and Recommendation in this case on June 7, 2018. ECF 26. Judge Sullivan recommended that Defendant's motion for partial summary judgment be granted and Plaintiff's motion for certification be denied.

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record." For those portions of Judge Sullivan's Findings and Recommendation to which neither party has objected, this Court follows the recommendation of the Advisory Committee and reviews those matters for clear error on the face of the record. No such error is apparent and those portions are adopted.

Plaintiff timely filed an objection (ECF 28), to which Defendant responded (ECF 29). Plaintiff objects to the portion of Judge Sullivan's recommendation finding that Plaintiff may not bring a negligence *per se* claim against Defendant under Oregon law and dismissing that claim. Plaintiff also objects to the portion of the F&R finding that there is a sufficient body of controlling Oregon appellate precedent to deny certification to the Oregon Supreme Court of the questions of whether Oregon's Unfair Claims Settlement Practices Act, Or. Rev. Stat. § 746.230, provides the statutory duty of care necessary to support a claim for negligence *per se* or provides an independent standard of care separate from the insurance contract to support a tort claim.

Plaintiff relies on this Court's opinion in *Foraker v. USAA Casualty Insurance Co.*, in which the Court noted that it believed that the Oregon appellate courts had not "definitively spoken" on these issues. 2017 WL 3184716, at *7 (D. Or. July 26, 2017). The Court had also asked the parties in that case whether the Court should consider certifying to the Oregon Supreme Court the same questions for which Plaintiff requests certification. *Id.* The parties in *Foraker* did not support certification and thus the Court did not analyze the statutory factors relating to certification.

In resolving these same issues on the merits in *Foraker*, the Court noted that "[a]lthough there is not an Oregon case directly on point regarding either of Plaintiff's arguments, Oregon courts have developed a body of case law regarding an insurer's liability in tort that informs the Court's analysis." *Id.* at *5. The Court then determined how it believed the Oregon Supreme Court would decide the issues, and found that an insured could not bring a claim for negligence *per se* against an insurer. *Id.* at *7-8.

For purposes of the requested certification, Oregon courts need not have definitively addressed the specific question at issue in a case directly on point for there to be a sufficient body of law to constitute controlling precedent. *See Keyes v. Johnson*, 2017 WL 6328151, at *5 (D. Or. Dec. 11, 2017) ("[T]he Oregon Supreme Court does not require that the Oregon appellate precedent completely resolve or even directly address the question at issue. Instead, the Oregon Supreme Court has delegated this determination to the subjective discretion of the district court."); *see also W. Helicopter Servs., Inc. v. Rogerson Aircraft Corp.*, 311 Or. 361, 366 (1991) ("The fifth question, on the other hand, is subjective. It directs the certifying court to satisfy itself that it is not certifying questions of law already controlled by existing Oregon appellate precedent."). Accordingly, the Court agrees with Judge Sullivan that the Court should not

exercise its discretion to certify the questions presented by Plaintiff to the Oregon Supreme Court under the facts of this case.

The Court **ADOPTS** Judge Sullivan's Findings and Recommendation, ECF 26. Plaintiff's Motion for Certification of a Question to the Oregon Supreme Court (ECF 14) is DENIED. Defendant's Motion for Partial Summary Judgment (ECF 12) is GRANTED. Plaintiff's claim for negligence *per se* is dismissed.

**IT IS SO ORDERED.**

DATED this 8th day of August, 2018.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge